**HUI MEI CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–0719–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

Gary J. Yerman, New York, NY, for Appellant.

Kirti Vaidya Reddy, Assistant United States Attorney, (Deborah J. Rhodes, United States Attorney, Leigh L. Pipkin, Assistant United States Attorney, United States Attorney's Office for the Southern District of Alabama, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Mark R. Von Sternberg, C. Mario Russell, Catholic Charities Community Services, New York, NY, for Amicus Curiae.

PRESENT: WALKER, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Mei Chen, a native and citizen of the People's Republic of China, appeals an order of the BIA denying her motion to reopen removal proceedings. *See In re Hui Mei Chen,* A 73 607 644 (B.IA. Jan. 19, 2006). The BIA denied Chen's motion to reopen finding that it was untimely and that Chen did not qualify for an exception to the timeliness requirement because she had not shown changed circumstances arising in her country of nationality under 8 C.F.R. § 1003.2(c)(3)(ii). On appeal, Chen argues that she is eligible for the exception to the deadline for filing a motion to reopen on the basis of changed country conditions pursuant to 8 C.F.R. § 1003.2(c)(3)(ii). She argues that evidence she submitted regarding (1) the rigorous enforcement of the Chinese family planning policies; and (2) the birth of her three children in the

United States establishes changed country conditions. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. See *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quoting *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)).

We initially heard Chen's petition in tandem with several other petitions and indicated our intention to consolidate the petitions for disposition. We now conclude that Chen's petition does not raise the same issues as the other petitions and find her petition appropriate for separate disposition.

As we have previously noted, the birth of additional children constitutes a change of personal circumstances and does not establish changed country conditions required by 8 C.F.R. § 1003.2(c)(3)(ii). *See Guan v. BIA*, 345 F.3d 47, 49 (2d Cir. 2003). In addition, the BIA properly found that the evidence petitioner submitted of strict enforcement of the family planning policies does not establish changed country conditions. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir.2007). We therefore conclude that the BIA did not abuse its discretion in denying the motion to reopen.

For the foregoing reasons, the petition for review is **DENIED** and the pending motion for a stay of removal is **DENIED** as moot.